and we'll move on to Cruz versus United States. Good morning your honors my name is John Pierpont I'm an AUSA in Connecticut and represent the appellant the United States in this matter. I'd like to reserve three minutes for rebuttal. May it please the court. In 1994 Mr. Cruz executed two people Erasmo Diaz and Tyler White. The White family is listening to the arguments here today. The question the court is called upon to address is whether the bright line categorical rule in Miller versus Alabama which held that individuals younger than the age of 18 cannot be subject to a mandatory sentence of life without the possibility of parole applies to Mr. Cruz who is 18 years and 20 weeks old when he committed those executions. The answer your honors is no and the district court should be reversed. This court has already decided this issue in United States versus Sierra. The material facts of Sierra and the facts of this case are indistinguishable. In both cases the defendants were older than the age of 18. In both cases the defendants were convicted of Vicar murder and faced a mandatory life sentence and in both cases the brain science. On these facts your honors this court held that Miller did not apply to the defendants in Sierra. This court characterized the rule in Miller as a categorical one and drawing on Supreme Court precedent it acknowledged the difficulties withdrawing a line at 18 such as the fact that the qualities that distinguish juveniles from adults do not disappear when an individual turns 18. Nevertheless because the Supreme Court drew the line at 18 the defendants challenge had to fail. So to hear Mr. Cruz's challenge to his conviction had to fail as well. Sierra your honors by the way was there was a petition for hearing on bonk that was filed in Sierra and this court declined to rehear Sierra on bonk and the Supreme Court did not grant certiorari. Sierra your honors was decided consistent with binding and controlling precedent from the Supreme Court. In Miller the Supreme Court held that mandatory life without parole for those under the age of 18 at the time of their crimes violated the Eighth Amendment. It drew heavily on prior Supreme Court precedent including Roper v. Simons which categorically prohibited the death penalty for those under the age of 18 and in Roper the Supreme Court talked about the difficulty of drawing lines and that language your honors was reflected in this court's decision in Sierra. Similarly it drew upon Graham v. Florida which categorically prohibited the sentence of life without parole for offenders younger than 18 who did not commit homicides. And again the Supreme Court in Graham v. Florida drew upon the language in Roper discussing the difficulties with drawing bright line rules and the fact that it is a difficult situation for individuals can be on either side of the line. What becomes clear when you look at these decisions is that when it comes to age based Eighth Amendment challenges the Supreme Court has always drawn categorical rules or bright lines up to and including Miller and that your honors is the gravamen of the district court's error in this case. Failure to recognize that Miller was not decided in a vacuum but in the context of decades of Supreme Court's precedent. Every other federal court in this country that the government has been able to identify reached a conclusion contrary to the district court. No other federal court concluded that Miller should be extended to individuals who committed murder when older than 18 and your honors the citations to those decisions can be found in the government's brief on pages 15 to 18. Stated simply your honors the defendant was on the wrong side of 18 when he committed the double homicide in order to have Miller applied to him and this court already reached that conclusion in Sierra. With respect to the government brief with respect to the Eighth Amendment the government's view there are no objective indicia or insufficient objective indicia that establish a national consensus against the sentencing practice at issue. There's a statute there are the statutory schemes 25 states in the federal government that mandate life without the possibility of parole for individuals over 18 who commit homicides especially if they're in aggravating circumstances there's an so the government would rely on a submission with respect to the Eighth Amendment analysis. And finally your honors with respect to the jurisdictional question ultimately that question reduces to whether or not the new rule of constitutional law in Miller made retroactive to cases on collateral review applied to Mr. Cruz and for the reasons I identified previously it did not. And your honors unless the court has any question the government would reserve the balance of its time for rebuttal. I have a question for you. I gleaned from the 28 J letters that have been filed on behalf of Mr. Cruz that there's a suggestion that he was denied the opportunity to have age figure into his sentence in any event because of the understanding of the binding nature of the guidelines at the time of sentence. Rather than try to anticipate what your response is could you tell me? So your honor the 28 J letters there there was a there was well let me back up and maybe try to answer the last second part of what you asked first which is the guidelines were applicable were binding and mandatory at the time and so the question of whether whether or not Miller prohibits a mandatory sentence can still be asked by the defendant. Now I would add your honor though that first of all the record makes clear that the district court back in 1996 at the time of the sentencing was aware that the mandatory sentence was driven by the guidelines in that context. And if any and it was only below in these more recent proceedings in the last few years that the parties had made a mistake as to whether or not the the sentencing was driven by the statute. If anything though this mistake inured to the defendant's benefit the government might have been able to argue that while the guidelines in 1996 were mandatory the district court still had discretion to depart but we didn't raise that argument below. Well my concern with this and I will ask counsel about it is that to the extent the concern is that the guidelines did not afford the district court the discretion to consider this there's one the the argument you've just made that there was always a degree of discretion even under the mandatory scheme but more to the point whether this argument had to be raised within a year of Booker not now. Am I am I missing something here from the government's perspective because then I'm going to ask the defense the same thing. No your honor certainly the government's perspective that this should have been an issue that could have been raised either on direct appeal or I guess it was more appropriately within a year after the decision of Booker as your honor has suggested. All right. If there are no additional questions the government will be happy to reserve the balance of its time. Thank you we'll hear from the defendant. Good morning your honor and may it please the court this is Ty Dooley on behalf of Mr. Cruz. I'd like to begin by highlighting something I didn't hear in Mr. Pierpont's argument just now or see in any of the government's briefings so far in this appeal and that's any argument that the 35-year sentence that Mr. Cruz is currently serving is unreasonable or insufficient to serve the purposes of sentencing. The government elected not to appeal from the sentencing judgment itself and in its briefing in this appeal from the 2255 judgment it hasn't challenged the fundamental findings on which Judge Hall based her decision. The government has never contested or questioned the clear scientific consensus that has emerged since Roper and Miller were decided which shows that there's no difference between 17 year olds and 18 year olds in terms of the brain development that the Supreme Court found relevant in Miller nor has the government contested or questioned the clear evidence that Mr. Cruz is in Judge Hall's words exhibit a for the Miller rationale that is he's demonstrated through his own complete rehabilitation that youthful offenders are not irreparably depraved even when they commit the worst crimes and the government had an argument though that's been made in other contexts and the problem is that then you can say that there's not much difference between 16 and 17 year olds there's not much difference between 18 and 19 year olds I mean that that's the problem I mean in the Supreme Court is recognized that there is this you know this issue always arises with bright line drawing. That's true your honor but I disagree that there has been a bright line drawn in the Miller context the the appellant the defendants in Miller did ask for a line at age 15 and the Supreme Court didn't draw it there. Didn't we hold in Sierra that that there was a bright line drawn? So I don't think that was the holding of Sierra your honor and as we've explained in our brief we think everything that it said or anything that it said about 18 year old offenders is dicta it is definitionally dicta because it was not essential to the holding in the case. The defendants in Sierra who are proceeding on a direct appeal were between 20 and 22 years old at the time they're triggering offenses not 18. The government continuously refers to them as 18 to 22 year old defendants but the youngest one was 20 years old at the time of his triggering offense. Well I'm quoting Sierra which is quoting the Supreme Court in Roper and it says nevertheless a line must be drawn and that's and the Supreme Court has repeatedly chosen in the Eighth Amendment context to draw that line at the age of 18 which is the point where society draws the line for many purposes between childhood and adulthood that last part being a quote from Roper. How do we construe that as anything other than the the line at which now in in the most recent case cited in your in your 28 J letter there is a constitutionally protected class on one side of that line and not on the other. That line we can see that line exists in the capital context which is Roper where Roper arose so in Roper that's a death penalty case the court categorically prohibited capital punishment for offenders who are under age 18 at the time of their offenses and and that's where the court discussed the difficulties of drawing these lines but that line is defensible in that context because in the capital context courts are already required to provide to provide individualized sentencing determinations and to consider the mitigating aspects of youth. I'm curious that you would say that a 19 year old or someone at eight a few months past his 18th birthday does not have the constitutional protections of Roper but does have the constitutional protections of Miller which might be viewed as somewhat different if not lesser. I'm curious that you would say there's a bright line for capital purposes but that we shouldn't assume that the line is so bright for for general sentencing purposes. Well I think it's it's an acceptable distinction your honor because defendant an 18 and some month old defendant in a capital case has a different constitutional right to have the mitigating circumstances of youth considered and that comes from in the non-capital context that right doesn't exist because of Harmelin and that's what the Supreme Court Justice Kagan was doing and Miller was drawing on both these lines of precedent. The one coming up in the context of Graham and and Roper that found that scientific evolving scientific consensus showed that juvenile offenders youthful offenders are meaningfully different from adults and the second coming from the line of cases that require individualized determinations of culpability in the death penalty. I'm not sure why you don't have the right in in the non-capital context I mean there's an argument that you have the right even under the mandatory guidelines but setting that aside once Booker was decided if your client's complaint was nobody considered my youth that could have been raised within a year of Booker or am I missing something about that part of your argument? No you're not missing something your honor and to be clear about that we're we're raising that and highlighting it to show the unfairness and arbitrariness of the sentence that Mr. Cruz's that the government wants to reimpose. We're not suggesting that that's an independent basis that Judge Hall could have relied on in the 2255 because as you pointed out it wasn't kindly raised and Booker in any event is not retroactive but it is I think important to recognize the gravity of the government's position here where just Judge Hall has held a sentencing hearing has considered the 3553a factors and has decided that a 35 year sentence is sufficient but not greater than necessary to serve the purposes of punishment and the government hasn't appealed from that judgment and it hasn't challenged her determination that 35 years is sufficient. It wants however to vacate that judgment and reimpose a life sentence that it now concedes was never mandatory to begin with because it believes that that's required by either Sierra or the Supreme Court's decisions in this area and my goal here is to explain why that's not true. It is now the law as I understand it that a life sentence can only be imposed on someone under the age of 18 in extraordinary circumstances. Isn't that the Supreme Court's view? That's the rare circumstances. Are you arguing that that's the rule for your client? Yeah well I'm arguing that Miller applies for a categorical rule because it seems to me you're arguing for two things. On the one hand there's the possibility of a categorical rule. On the other hand you're saying well his age should have been considered which really seems to me to be more challenged to mandatory guidelines. The argument is straight from Miller that because he's a youthful offender which who at 18 years old is indistinguishable from a 17 year old offender based on the evolving scientific consensus he should have had a sentencing hearing that considered the mitigating aspects of his youth. He never had that because as we've discussed everybody at the time assumed that there was a mandatory guide sorry a statutory mandatory minimum and because the guidelines were mandatory. I'm not sure I see where the District Court thought it was statutorily mandated. I thought that was an error that's filtered into this later on. Did the District Court think it was statutorily mandated or only mandated by the guidelines? Your Honor my recollection of that is that it was an assumption that it was mandated by the statute and that's what the government I believe that's in the in the original PSR if that's in the record the the pre-sentence report from the probation office says that he's subject to a mandatory minimum. You didn't need Miller to you didn't need Miller to bring that error to everybody's attention right? That could have been done right on direct appeal. Yes correct and again that's not our argument right but I think it illustrates I mean in the sense that you're trying to benefit from an error that you had had did not take an opportunity to correct when you tried to. When you could have rather. I mean I think that's overstating our position on that. The reason we bring that to the court's attention is because it's a very grave thing that the government is asking to do here to change a 35-year sentence to a sentence of death in and if that is not required by Supreme Court or binding circuit precedent then you know the court should think carefully about it. You have you have a minute but isn't that something that can be raised on on remand? In other words the the district court concluded that the Eighth Amendment forbids a mandatory life sentence for an 18 year old and she did that without the benefit of Sierra and that legal conclusion is incorrect in light of Sierra but when you're so her ruling is vacated but then it goes back before her and it and I don't know can't you make some of these arguments that you're making now at a resentencing? I think that depends on the mandate that issues here your honor but we would certainly welcome that opportunity and there is precedent for allowing a before the court even when the basis for the original 2255 judgment is vacated and that's in Villanueva and so of course we would welcome that opportunity if the court vacated this judgment however I obviously disagree with you your honor that Sierra is controlling here and I think if I may just explain most precisely why Sierra doesn't control if this case had come up on appeal first if it was first in line and if this panel affirmed for the same Supreme Court the Supreme Court says a line must be drawn all right where would you draw that line? So your honor again I don't think the Supreme Court has said a line must be drawn in this context it said a line must be drawn in the capital context however to answer your question I think that it goes in Miller the court said that there's an unreasonable risk of disproportionate sentencing if juveniles are subject to mandatory life without individualized sentencing that that risk is what work you should be concerned about and for those the scientific consensus now says all of those under 19 including my client would fall into the category with 17 year olds where there's a disproportionate excuse me an unreasonable risk of disproportionate sentencing given their psychological development it is possible you could make that argument for an older defendant but Judge Hall was looking at the record before her and the uncontested scientific evidence before her and she cabins her ruling at 18 I think there is some research now that would support a line into the earlier mid-20s but that's right now there's less of a risk of disproportionate sentencing for individuals over 18 than there are for 18 year olds and 17 year olds and that really goes back to this distinction of Sierra the difference between my client an 18 year old and the 20 22 year old defendants in Sierra is meaningful because of the scientific evidence which was uncontested by the government so I think in closing that the government has not given you a reason to believe that you are bound by Sierra or any Supreme Court precedent the Supreme Court precedent in fact weighs in favor of affirmance and that Sierra is distinguishable based on the ages of the defendant so you can affirm and I think you should affirm thank you thank you we'll hear the rebuttal from the government thank you your honor I'll pick up right where my colleague left off and that is the applicability of Sierra here the operative facts of Sierra or the or the important facts the facts upon which this court made its decision was the fact that the defendants there were over the age of 18 it is certainly true that they were 20 21 and 22 but the the reason as explained in Sierra that this court decided the way that they did was because they were over the age of 18 in the same way here that mr. Cruz was over the age of 18 and this is not your honor's reading between the lines this was explicit in the holding of Sierra that the line had been drawn at the age of 18 I would like to address a little bit about what I heard judge Raji asked my colleague about which is about where the confusion as to whether there was a statutory sentence or a guideline sentence the record below is clear that judge Nevis back in 1996 was aware that the guideline was driven by the by the by the or I'm sorry that the sentence was driven by the guidelines and not by the statute it is true that the PSR contained a mistake but at the sentencing of mr. Cruz's co-defendant Morales the day before this issued was was wrestled with and judge Nevis understood it and then your honor your honor if you read mr. Cruz's sentencing it is clear that he is following the guidelines as opposed to the statute I would close your honor with you know I on remand I mean is it the government's position that that the court has to reimpose life or or can there be a plenary resentencing your honor the the court this court here ought to reinstate life and the reason for that your honor is the entire challenge the entire premise that the permission that mr. Cruz received from this court the Second Circuit in order to file his fifth successive petition based up was based upon the applicability of Miller to him and and thus your honor that that decision that issue has been decided conclusively in Sierra and so now that it has been decided in Sierra there is no alternative here except to vacate the vacate the district court decision and read it with and remand with instruction for the district court to impose a life other grounds that mr. Cruz would like to challenge his sentence on the option there would be to file a request with this court for permission to file another successive petition and have this court in the first instance decide whether or not there's a prima facie showing before proceeding to the district court so in the government memory correct that when he applied to this court for leave to file his fifth successive petition that the papers have claimed that he committed the crime which was the overall membership in the organization when he was under 18 that's right your honor the court did not have presented to it the question of whether Miller applied to someone who had passed his 18th birthday that is correct your honor the the issue there had to do with the as the government understands the paper the issue there was whether by joining the conspiracy under the age of 18 Miller would apply to him in that context there was not in the government's view of reading either his request or in the authorization provided by this court the question of whether may apply to somebody over the age of 18 but finally your honors just in closing my colleague has said on a couple of occasions that the government is not challenging or there's no reason for why a 35-year sentence is just like to add your honor that there were victims in this case as I noted at the outset and and we're here at least in part for them we're also here for the concept of equal justice under the law like defendants your honor should be and ought to be treated alike and that includes mr. Cruz in this a case and to have the law applied to them as it is written and so unless there are questions the government will rest on its briefs thank you thank you both the articulation council took the case on appointment from the court I think judge yes yeah thank you very much